# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GEODYNAMICS, INCORPORATED, | § | |
| | § | |
| v. | § | Case No. 2:17-cv-00371-RSP |
| | § | |
| DYNAENERGETICS US, INC. | § | |

## MEMORANDUM ORDER

DynaEnergetics US, Inc. ("DynaEnergetics") moves to dismiss or transfer this patent infringement lawsuit brought by GEODynamics, Inc. ("GEODynamics") for improper venue. Dkt. 5. For the following reasons, the motion is DENIED.

DynaEnergetics is incorporated in Colorado, Dkt. 5-2 ¶ 3, and there is no dispute that venue would therefore be improper under the first prong of 28 U.S.C. § 1400(b), the exclusive venue statute for patent infringement actions. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1520 (2017). The only questions are whether DynaEnergetics has a "regular and established place of business" in the district and whether "acts of infringement" have occurred here. *See* § 1400(b).

DynaEnergetics contends that it lacks a place of business in the district. A "regular and established place of business" requires (1) a physical place in the district; (2) that is a regular and established place of business; and (3) it must be the place of the defendant. "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

A declaration submitted by Ian Grieves, DynaEnergetics' president, indicates that DynaEnergetics does not own, lease, or maintain an office, property, or a facility of any kind in the Eastern District of Texas. Dkt. 5-2 ¶¶ 4-5. Mr. Grieves also states that the allegedly infringing

1

DPEX and HaloFrac products are manufactured in Blum, Texas, which is not in this district, and that the products have never been sold in the district. *Id.* ¶¶ 7-8. Finally, Mr. Grieves explains that DynaEnergetics formerly had a distribution facility in Tyler Texas, but this facility closed in October 2015, and the lease expired in November 2015, before this lawsuit was filed. *Id.* ¶ 10. The Tyler facility had two employees, Manny Villareal, who relocated to Corpus Christi, Texas, and Brian Delaney, who still works for DynaEnergetics out of his home in Tyler. *Id.* All inventory that had been stored at the Tyler facility was transferred to Blum, Texas. *Id.* ¶ 11.

GEODynamics contends that DynaEnergetics' presence in Tyler, and sworn testimony regarding a facility in Marshall, Texas, show a "regular and established place of business" in the district. Dkt. 14 at 11. Second, GEODynamics argues that the accused DPEX and Halofrac products have been "offered for sale in this district," (Dkt. No. 26 at 5), which Defendant does not deny. (Dkt. No. 5-2 at 3).

The Court finds that the presence of Brian Delaney working from his home in Tyler, does not rise to the level of a regular and established place of business in the district. However, the trial testimony of Ian Grieves, DynaEnergetics' CEO, is another matter entirely. During a jury trial before the undersigned on March 28, 2017, the month before this action was filed, in a case involving the same parties, Mr. Grieves testified to the jury about his employee in Tyler and said that "we're moving a distribution center across to Marshall." Case No. 2:15-cv-1546-RSP, Trial Tr. at 136:16-25, Dkt. 171. The Court does not doubt for a moment the sincerity and veracity of Mr. Grieves, but DynaEnergetics cannot be heard to maintain that just weeks later it has no regular and established place of business here. S*ee, e.g.*, *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

There is also no showing of any inconvenience in proceeding with this case in this district, as opposed to Defendant's requested transferee district, which is the adjoining Southern District of Texas in Houston. Defendant has recently litigated a case here involving related patents and accused products, and any relevant witnesses are subject to subpoena here under Rule 45(c)(1)(B).

Accordingly, Defendant's motion to dismiss or transfer is DENIED.

**SIGNED this 18th day of December, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE